KEMNITZER, BARRON, & KRIEG, LLP
BRYAN KEMNITZER     Bar No. 066401
NANCY BARRON        Bar No. 099278
ADAM J. McNEILE     Bar No. 280296
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901
bryan@kbklegal.com
nancy@kbklegal.com
adam@kbklegal.com

Attorneys for Plaintiff ESTELLA CONWAY and the putative class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLA CONWAY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>Defendant.<br>_____/ | **Case No. 5:15-cv-2388**<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE:**<br><br>**(1) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIVIL CODE §1788, *ET SEQ.*;**<br><br>**(2) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, *ET SEQ.*; AND**<br><br>**(3) UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §17200, *ET SEQ.*** <br><br>JURY TRIAL DEMANDED |

1.   Plaintiff ESTELLA CONWAY ("Plaintiff") individually and on behalf of others similarly situated, hereby complains against Defendant PHILLIPS & COHEN ASSOCIATES, LTD. ("PCA") and DOES 1 through 50, inclusive, and on information and belief, alleges as follows:

//

**PRELIMINARY STATEMENT**

2. Plaintiff brings this action under the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §1788, *et seq.* (the "Rosenthal Act"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (the "FDCPA"); and the Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* (the "UCL"), to challenge the unlawful, unfair, and deceptive practices of PCA arising out of PCA's illegal attempts to collect alleged debt from consumers in the State of California.

3. PCA is engaging in a scheme to collect debt allegedly owed by Plaintiff and the class in violation of the Rosenthal Act, the FDCPA, and the UCL. In fact, Plaintiff and the class do not owe anything on these alleged debts, as they were rendered uncollectible as part of a prior class action lawsuit. Nonetheless, PCA continues to attempt to collect on these uncollectible debts.

4. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit," as those terms are defined by California Civil Code §1788.2(f).

**PARTIES**

5. Plaintiff ESTELLA CONWAY is an individual over the age of 18 years. At all times relevant herein, Plaintiff was, and currently is, a resident of the State of California.

6. Defendant PCA is a New Jersey corporation authorized to conduct business in the State of California. PCA has not designated a place of business in California.

7. Plaintiff is informed, believes, and thereon alleges, that PCA is not an attorney or counselor at law; PCA, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is a "debt collector" as that term is defined by California Civil Code §1788.2(c) and 15 U.S.C. §1692a(6).

**DOE DEFENDANTS**

8. Defendants DOES 1 through 50 are persons or entities whose true names and capacities are presently unknown to Plaintiff and who therefore are sued by such fictitious names. Plaintiff

is informed, believes, and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein-below, are responsible in some manner for the matters alleged herein, and are jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

**AGENCY**

9. Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein each Defendant, whether actually or fictitiously named, was the principal, agent (actual or ostensible), or employee of each other Defendant. In acting as such principal or within the course and scope of such employment or agency, each Defendant took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff and to the members of the class for the relief prayed for herein.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), and 28 U.S.C. §1367 for supplemental state law claims.

11. Venue is proper on this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

**OPERATIVE FACTS**

12. Plaintiff purchased a used 2003 Mercedes E350. The dealership arranged financing for the vehicle in the form of a conditional sales contract, which was later assigned to Santander Consumer USA, Inc. ("Santander").

13. Plaintiff fell behind on payments, and Santander repossessed the vehicle in August 2013. Thereafter, Santander assessed a deficiency against Plaintiff following the sale of the vehicle.

14. On February 25, 2013, a class action complaint was filed in Los Angeles Superior Court as Case No. BC501682 against Santander alleging, among other things, that the statutory notice Santander sent to persons whose vehicles Santander repossessed did not comply with the requirements of the Rees-Levering Automobile Sales Finance Act, Civil Code §2981 *et seq.*, meaning Santander could not collect any deficiency balance from consumers who received said

3
Class Action Complaint

defective notice following the sale of their vehicles. Santander subsequently removed the case to the United States District Court for the Central District of California (the "District Court") as *Vitrano v. Santander Consumer USA, Inc., et al.*, Case No. 2:13-cv-02492-AB-MRW (the "Rees-Levering Case").

15. On September 16, 2014, Santander and the plaintiffs in the Rees-Levering Case entered into a Settlement Agreement and Release (the "Settlement Agreement"). Pursuant to the Settlement Agreement, Santander was required to cease collecting alleged deficiency balances and to recall and/or repurchase the account of any Rees-Levering Class member that was assigned to any outside collection agencies as of the date of execution of the Settlement Agreement. Specifically, the Settlement Agreement provides that (i) "the NOIs prepared and sent to Settlement Class members did not strictly comply with the requirements of Civil Code §2983.2 pertaining to NOIs", which renders any alleged deficiency balance uncollectible (Settlement Agreement, §1.02); (ii) "[i]mmediately upon execution of this Agreement Santander shall take no further action to collect, sell the right to collect, or to attempt directly or indirectly to collect Deficiency Balances from Settlement Class members; . . . [and] shall recall and/or repurchase the account of any Settlement Class members that were assigned to any outside collection agencies" (Settlement Agreement, §3.03); and (iii) within 30 days after final judgment, "Santander shall take all steps necessary to cease all efforts to collect the Deficiency Balances for Settlement Class members . . . [including] recalling all Settlement Class member accounts from outside agencies[.]" (Settlement Agreement, §5.03(b)). True and correct copies of pertinent pages of the Settlement Agreement are attached hereto as **Exhibit A**.[1]

16. Santander subsequently confirmed in a compliance declaration dated July 13, 2015 by Wayne Nightengale, Executive Vice President of Servicing for Santander (the "Compliance Declaration"), that Santander "has taken the necessary steps to cease any and all third party collection efforts on the accounts. Specifically, [Santander] has instructed all third party debt collectors to stop any and all collection efforts on the Settlement Class members' accounts."

---

[1] A full copy of the Settlement Agreement is attached as Exhibit 1 to the *Declaration of Nancy Barron in Support of Motion for Final Approval of Class Action Settlement* filed as Docket No. 78 in the Rees-Levering Case.

(Compliance Declaration, ¶15). A true and correct copy of the Compliance Declaration is attached hereto as **Exhibit B**.[2]

17. On February 18, 2015, the District Court entered its Order Granting Motion for Final Approval of Class Action Settlement (the "Final Judgment") in the Rees-Levering Case pursuant to which it certified a settlement class (collectively, the "Rees-Levering Class") defined as any consumer who:

    a.    purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq*.;

    b.    whose motor vehicle was repossessed or voluntarily surrendered;

    c.    who were issued a statutory notice by Santander from July 1, 2011 to July 31, 2014 or to whom Santander failed to provide an NOI within 60 days of repossession; and

    d.    against whose account a deficiency balance was assessed.

18. Pursuant to the Final Judgment, any deficiency balances owed by a Rees-Levering Class member to Santander were rendered uncollectible by operation of state law. (Final Judgment, ¶25.) A true and correct copy of the Final Judgment is attached hereto as **Exhibit C**.[3]

19. Plaintiff is a member of the Rees-Levering Class, meaning that any alleged deficiency balance she owed to Santander became uncollectible pursuant to the Settlement Agreement on September 16, 2014 and pursuant to the Final Judgment on February 18, 2015.

20. On or about March 11, 2015, Plaintiff received a written statement in the form of a letter from PCA. The letter is attached hereto as **Exhibit D**. The letter states that PCA is attempting to recover the uncollectible $15,846.02 balance allegedly owed to Santander.

21. On or about October 12, 2015, Plaintiff received another written statement in the form of a letter from PCA. The letter is attached hereto as **Exhibit E**. The letter again states that PCA is attempting to recover an alleged $15,846.02 balance owed to Santander.

---

[2] The Compliance Declaration was filed as Docket No. 94 in the Rees-Levering Case.
[3] The Final Judgment was entered as Docket No. 86 in the Rees-Levering Case.

Class Action Complaint

22. Plaintiff has lost money or property on account of PCA's acts as set forth above on account of PCA's actions, as Plaintiff has incurred costs and expenses while attempting to protect her rights vis-à-vis PCA, including, among other things, by locating and traveling to meet with her attorneys, by taking time away from her job to speak with and meet with her attorneys, and by using her cell phone to call her attorneys.

**CLASS ACTION ALLEGATIONS**

23. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), Plaintiff brings this class action on behalf of herself and all other persons similarly situated.  Plaintiff brings this action in a representative capacity to remedy the ongoing unlawful, unfair, and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

24. Plaintiff is unable to state the precise number of potential members of the proposed class because that information is in the possession of PCA.  It consists of at least hundreds of members and is so numerous that joinder of all members would be impracticable.  The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of PCA.

25. The class on whose behalf this Complaint is brought is composed of all consumers:

    a.    who are members of the settlement class certified in *Vitrano v. Santander Consumer USA, Inc., et al.*, Case No. 2:13-cv-02492-AB-MRW, pending in the United States District Court for the Central District of California;

    b.    whose accounts were assigned to PCA for collection; and

    c.    from whom PCA attempted to and/or did collect a deficiency balance from September 16, 2014 to the present.

26. This class definition is subject to such further definition, limitations, and exclusions as may be ordered by the Court.

27. There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members. Proof of a common set of facts will establish the liability of

PCA, and the right of each member of the class to recover.

28. The common questions which predominate include, inter alia:
   a. whether PCA negligently and/or fraudulently misrepresented to class members that they were liable for balances when there was no obligation to pay such amounts;
   b. whether PCA attempted to and/or collected on balances of class members;
   c. whether PCA's practices related to class members violate the Rees-Levering Act;
   d. whether PCA's practices related to class members violate the FDCPA;
   e. whether PCA's practices related to class members violate the UCL.

29. Proof of a common set of facts will establish PCA's liability and the right of each class member to recover.

30. Plaintiff's claims are typical of those of the class which they represent, and she will fairly and adequately represent the interests of the class. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

31. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against PCA, and would establish incompatible standards of conduct.

32. The claims asserted by Plaintiff will be governed by the laws of the State of California and the injuries resulting from PCA's conduct were incurred in California.

**FIRST CLAIM FOR RELIEF**
(Violation of the Rosenthal Fair Debt Collection Practices Act, Civil Code §1788, *et seq.*)
(Against PCA and applicable DOES)

33. Plaintiff realleges and incorporates herein by reference the allegation in each and every paragraph above.

34. Plaintiff alleges on information and belief that Santander assigned Plaintiff's and class

members' accounts to PCA for debt collection purposes.

35. PCA has sent out form letters demanding payment from Plaintiff and members of the class.

36. In sending form debt collection letters to Plaintiff and members of the class, PCA was acting and continues to act as a person who, in the ordinary course of business, regularly, on behalf of themselves and others, engaged in debt collection. PCA is and continues to be a "debt collector" within the meaning of Civil Code §1788.2(c).

37. The alleged debt that PCA attempted to collect from Plaintiff and members of the class is "debt" within the meaning of Civil Code §1788.2(d).

38. The alleged debt that PCA attempted to collect from Plaintiff and members of the class is "consumer debt" within the meaning of Civil Code §1788.2(f), as it is money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

39. PCA violated Civil Code §1788.17 by using false, deceptive, and misleading representations and means in connection with the collection and/or attempted collection of balances rom Plaintiff and the class.

40. The Rosenthal Act expressly incorporates the provisions of 15 U.S.C. §§1692b-1692j, and declares that it is unlawful for a debt collector, in connection with the collection of any debt, to make any false representation regarding the character, amount, or legal status of any debt, as well as any other false representation. *See* Civil Code §1788.17; 15 U.S.C. §1692e, subd. (2)(A), (5), (10). The Rosenthal Act also declares that it is unlawful to collect any amount that is not permitted by law. *See* 15 U.S.C. §1692f(1).

41. Section 1788.17 of the Rosenthal Act further provides that "every debt collector shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which states that any debt collector who fails to comply with any provision of that title with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure and such additional damages the court may allow; and the costs of the action together with a reasonable attorney's fee as determined by the court.

42. PCA violated 15 U.S.C. §1692e(2)(A), and in turn violated Civil Code §1788.17, by making representations that would mislead the least sophisticated consumer regarding the character, amount, or legal status of a debt; namely, PCA sent collection letters to Plaintiff and the class falsely representing that Plaintiff and the class owed a balance to Santander that should be remitted to PCA; this was false in that the underlying alleged debt was deemed unlawful and rendered uncollectible on account of the Settlement Agreement and the Final Judgment in the Rees-Levering Case.

43. PCA violated 15 U.S.C. §1692e(5), and in turn violated Civil Code §1788.17, by making representations that would mislead the least sophisticated consumer by threatening to take any action that cannot legally be taken; namely, PCA sent collection letters to Plaintiff and the class falsely representing that Plaintiff and the class owed a balance to Santander and that PCA would attempt to collect that balance; this was false in that the underlying debt was unlawful and uncollectible on account of the Settlement Agreement and the Final Judgment in the Rees-Levering Case.

44. PCA violated 15 U.S.C. §1692e(10), and in turn violated Civil Code §1788.17, by making representations that would mislead the least sophisticated consumer by using false representations and deceptive means to collect or attempt to collect a debt; namely, PCA sent collection letters to Plaintiff and the class falsely representing that Plaintiff and the class owed a balance to Santander that should be remitted to PCA; this was false in that the underlying alleged debt was deemed unlawful and rendered uncollectible on account of the Settlement Agreement and the Final Judgment in the Rees-Levering Case.

45. PCA violated 15 U.S.C. §1692f, and in turn violated Civil Code §1788.17, by using unfair or unconscionable means to collect or attempt a debt, by sending Plaintiff and the class collection letters that were false in that the underlying debt was unlawful and uncollectible on account of the Settlement Agreement and the Final Judgment in the Rees-Levering Case.

46. These false, deceptive, and misleading representations or means were likely to deceive the least sophisticated consumer.

47. As a direct and proximate result of the acts herein alleged and PCA's ongoing violations

1 of the Rosenthal Act and 15 U.S.C. §1692, Plaintiff and the class have suffered general, specific,

2 actual, and other damages as will be shown at trial.

3 48. Plaintiff seeks recovery of her attorneys' fees, costs, and expenses incurred in the filing

4 and prosecution of this action.

5 WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*)**
**(Against PCA and applicable DOES)**

8 49. Plaintiff realleges and incorporates herein by reference the allegation in each and every

9 paragraph above.

10 50. Plaintiff alleges on information and belief that Santander assigned Plaintiff's and class

11 members' accounts to PCA for debt collection purposes.

12 51. Plaintiff and class members are "consumers" within the meaning of 15 U.S.C. §1692a(3).

13 52. The alleged debt that PCA attempted to collect from Plaintiff and members of the class is

14 consumer "debt" within the meaning of 15 U.S.C. §1692a(5).

15 53. PCA is and continues to be a "debt collector" within the meaning of 15 U.S.C.

16 §1692a(6).

17 54. In sending form debt collection letters to Plaintiff and members of the class, PCA was

18 acting and continues to act as a person who, in the ordinary course of business, regularly, on

19 behalf of themselves and others, engaged in debt collection. These form letters constitute debt

20 "communications" within the meaning of 15 U.S.C. §1692a(2).

21 55. PCA violated 15 U.S.C. §1692e(2)(A) by making representations that would mislead the

22 least sophisticated consumer regarding the character, amount, or legal status of a debt; namely,

23 PCA sent collection letters to Plaintiff and the class falsely representing that Plaintiff and the

24 class owed a balance to Santander that should be remitted to PCA; this was false in that the

25 underlying alleged debt was deemed unlawful and rendered uncollectible on account of the

26 Settlement Agreement and the Final Judgment in the Rees-Levering Case.

27 56. PCA violated 15 U.S.C. §1692e(5) by making representations that would mislead the

28 least sophisticated consumer by threatening to take any action that cannot legally be taken;

namely, PCA sent collection letters to Plaintiff and the class falsely representing that Plaintiff and the class owed a balance to Santander and that PCA would attempt to collect that balance; this was false in that the underlying debt was unlawful and uncollectible on account of the Settlement Agreement and the Final Judgment in the Rees-Levering Case.

57. PCA violated 15 U.S.C. §1692e(10) by making representations that would mislead the least sophisticated consumer by using false representations and deceptive means to collect or attempt to collect a debt; namely, PCA sent collection letters to Plaintiff and the class falsely representing that Plaintiff and the class owed a balance to Santander that should be remitted to PCA; this was false in that the underlying alleged debt was deemed unlawful and rendered uncollectible on account of the Settlement Agreement and the Final Judgment in the Rees-Levering Case.

58. PCA violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt a debt, by sending Plaintiff and the class collection letters that were false in that the underlying debt was unlawful and uncollectible on account of the Settlement Agreement and the Final Judgment in the Rees-Levering Case.

59. As a direct and proximate result of the acts herein alleged and PCA's ongoing violations of the FDCPA, Plaintiff and the class have suffered general, specific, actual, and other damages as will be shown at trial.

60. Plaintiff seeks recovery of her attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CLAIM FOR RELIEF**
**(Violations of Business and Professions Code §17200, *et seq*.)**
**(Against PCA and applicable DOES)**

61. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above.

62. Plaintiff files this cause of action individually, and on behalf of the general public and as a class action, to challenge and to remedy PCA's unfair business practices. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The

UCL provides that a court may order injunctive relief and restitution to affected individuals as remedies for any violations of the UCL.

63.  Beginning on an exact date unknown to Plaintiff but at all times relevant herein and during the four years preceding the filing of the complaint in this action, PCA committed acts of unfair competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

   a.  PCA negligently misrepresented and continues to misrepresent to members of the class that they are obligated to pay amounts alleged to be due and owing to Santander that were previously rendered uncollectible;

   b.  PCA actively concealed and continues to conceal its unlawful activity from members of the class;

   c.  PCA unlawfully, unfairly, and/or fraudulently carried and continues to carry on its accounts records balances of members of the class alleged to be due and owing to Santander that were previously rendered uncollectible;

   d.  PCA unlawfully, unfairly, and/or fraudulently attempted to collect and continues to attempt to collect from members of the class amounts alleged to be due and owing to Santander that were previously rendered uncollectible.

64.  The business acts and practices of PCA as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rosenthal Act and the FDCPA, and constitute violations of the common law.

65.  The business acts and practices of PCA, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

66.  The business acts and practices of PCA, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

67. The unlawful, unfair, and fraudulent business acts and practices of PCA described herein present a continuing threat to Plaintiff and members of the class in that PCA is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

68. As a direct and proximate result of the acts and practices described herein, Plaintiff has suffered injury in fact and has lost money or property as a result of the unlawful, unfair, and fraudulent acts and practices of PCA challenged herein by incurring costs and expenses while attempting to protect her rights vis-à-vis PCA, including, among other things, by locating and traveling to meet with her attorneys, by taking time away from her job to speak with and meet with her attorneys, and by using her cell phone to call her attorneys

69. Pursuant to Business and Professions Code §17203, Plaintiff seeks an order enjoining PCA from engaging in such acts and practices as hereinabove alleged, and providing appropriate restitution to Plaintiff and the members of the class.

70. In addition, pursuant to Code of Civil Procedure §1021.5, Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. For an order certifying the case as a class action;
2. For an order preliminarily and permanently enjoining Plaintiff from engaging in the practices challenged herein;
3. For an order of restitution in an amount to be determined at trial to restore to all affected borrowers in interest, all money acquired by PCA by means of its unlawful, unfair and fraudulent practices;
4. For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) and Civil Code §1788.30(a);
5. For an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2) and Civil Code §1788.30(b);

1. 6. For such compensatory damages in an amount to be determined at trial;
2. 7. For prejudgment interest to the extent permitted by law;
3. 8. For an award of attorneys' fees, costs and expenses pursuant to Civil Code §2983.4, Code
4. of Civil Procedure §1021.5, 15 U.S.C. §1692k(a)(3), and any other applicable provisions
5. of law; and
6. 9. For such other and further relief as the Court may deem just and proper.

Dated: November 19, 2015                KEMNITZER, BARRON & KRIEG, LLP


                                        By:     /s/ *Bryan Kemnitzer*
                                                BRYAN KEMNITZER

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 19, 2015                KEMNITZER, BARRON & KRIEG, LLP


                              By:   /s/ *Bryan Kemnitzer*
                                    BRYAN KEMNITZER

15
Class Action Complaint