1

2    NOTE: CHANGES MADE BY THE COURT

3
                                                        JS-6
4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10
     ESTELLA CONWAY, individually, and on      **Case No.  5:15-cv-02388-AB-KK**
11   behalf of all others similarly situated,
                                                <u>CLASS ACTION</u>
12                        Plaintiff,
                                                [~~PROPOSED~~] **ORDER AND JUDGMENT**
13          vs.                                 **GRANTING (1) MOTION FOR FINAL**
                                                **APPROVAL OF CLASS ACTION**
14   PHILLIPS & COHEN ASSOCIATES, LTD.,         **SETTLEMENT [Dkt. No. 35] and (2)**
                                                **MOTION FOR AWARD OF**
15                        Defendant.            **ATTORNEYS' FEES [Dkt. No. 36]**

16   _____/

17
            Before the Court is a Motion for Final Approval of Class Action Settlement **(Dkt. No.**
18
     **35)** and Motion for Award of Attorneys' Fees **(Dkt. No. 36).**
19
            The Court, after consideration of the briefs and arguments of counsel, and otherwise
20
     being fully informed, has determined: (1) the Agreement is the product of good-faith arms'
21
     length negotiations among the parties, each of whom was represented by experienced counsel;
22
     (2) that the Agreement should be approved; (3) that there were no objections to the Agreement;
23
     (4) that there is no just reason for delay of the entry of judgment, and (5) that the fee request is
24
     reasonable. Accordingly, both Motions are **<u>GRANTED</u>** and the Court directs entry of this Final
25
     Approval Order and Final Judgment, which shall constitute a final adjudication of the class
26
     action.
27
            Good cause appearing therefore,
28

1    IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

2    1.    For purposes of this Final Approval Order and Final Judgment, except as set forth

3    herein, the Court adopts and incorporates the definitions in the Agreement.

4    2.    The Court has jurisdiction over the subject matter of this litigation and over all

5    parties to this action, including all Settlement Class members.

6    3.    With respect to the Settlement Class, the Court finds, solely for purposes of this

7    settlement, that: (a) the Settlement Class is ascertainable and its members are so numerous that

8    joinder of all Settlement Class Members in the action is impracticable; (b) there are questions of

9    law or fact common to the Settlement Class for purposes of determining whether this settlement

10   should be approved; (c) the claims of Conway are typical of the claims of absent members of the

11   Settlement Class; (d) Conway and Class Counsel have fairly and adequately protected the

12   interests of the Settlement Class members in connection with the proposed settlement and

13   satisfied the requirements of Federal Rules of Civil Procedure, Rule 23; (e) for purposes of

14   determining whether the settlement is fair, reasonable and adequate, common questions of law

15   and fact predominate over questions affecting only individual Settlement Class members; and (f)

16   a class action is superior to other available methods for the fair and efficient adjudication of the

17   controversy, considering: (i) the interests of the Settlement Class members in individually

18   controlling the prosecution of separate actions; (ii) the extent and nature of any litigation

19   concerning the controversy already commenced by or against Settlement Class members; (iii) the

20   desirability or undesirability of continuing the litigation of these claims in this particular forum;

21   and (iv) the difficulties likely to be encountered in the management of this action as a class

22   action.

23   4.    The Court finds that mailing of the Notice of Class Action Settlement in the

24   manner provided in the Preliminary Approval Order fully and accurately informed all Settlement

25   Class members of all material elements of the proposed settlement, constitutes the best notice

26   practicable under the circumstances, constitutes valid, due and sufficient notice to all Settlement

27   Class members, and complies fully with the requirements of the United States Constitution.

28   5.    The Court hereby finally approves the settlement of this action in accordance with

2

1   the terms of the Agreement, finds that the settlement is fair, reasonable and adequate in all

2   respects pursuant to Federal Rules of Civil Procedure, Rule 23 and orders the parties to

3   consummate the Agreement in accordance with its terms.

4        6.        The following Settlement Class, which this Court previously certified

5   preliminarily, is hereby finally certified for settlement purposes under Federal Rules of Civil

6   Procedure, Rule 23:

> All persons who: (a) are members of the settlement class certified in Vitrano v. Santander Consumer USA, Inc., Case No. 2:13-cv-02492-AB-MRW, pending in the United States District Court, Central District of California; (b) whose accounts were assigned to PCA for collection; and (c) from whom PCA attempted to and/or did collect a deficiency balance from September 16, 2014 to the present.

10       7.        The Court orders the parties to the Agreement to perform their obligations

11   thereunder in accordance with the terms of the Agreement.

12       (a)       Within ten (10) business days following the date of Final Judgment, PCA

13   shall create a Settlement Fund by transferring $24,000 to a non-interest-bearing account

14   held by PCA for the purpose of issuing checks to the Settlement Class.

15       (b)       On or before the Distribution Date, PCA shall mail by first-class mail

16   checks payable to the Settlement Class in the manner set forth in the Agreement.

17       (c)       The Court approves an incentive award to Conway in the amount of

18   $1,500.

19       (d)       The Court approves an award to Class Counsel of attorneys' fees and costs

20   in the total amount of $55,000. The Court finds that this award is appropriate given the

21   contingent nature of this case, the novelty and difficulty of the questions involved, and

22   the results obtained for the Settlement Class.  There were no objections to Class

23   Counsel's request for approval of attorneys' fees and expenses.

24       (e)       PCA shall pay the incentive award and award of fees, costs and expenses

25   on or before the Distribution Date.

26       (f)       Any funds remaining in the Settlement Fund 90 days after the Distribution

27   Date shall be distributed in accordance with § 5.06 of the Agreement, and the Legal Aid

28   Foundation of Los Angeles is approved as a *cy pres* recipient.

(g)     The parties have agreed, and the Court hereby orders, that no Settlement Class member has a vested interest in any amount to be paid to him or her under this settlement unless and until he or she has cashed a settlement check.

8.      No Class Member has submitted a valid and timely request for exclusion pursuant to the Preliminary Approval Order, and no Class Members are excluded from the Settlement Class.

9.      No Class Member objected to the settlement.

The Court hereby finds and orders the following:

(a)     Upon the entry of this Order and Judgment, each Settlement Class Member (except those who have obtained proper and timely exclusion from the Settlement Class), their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns will be deemed to have fully released and forever discharged PCA and its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated companies, including any parent, subsidiary, predecessor, or successor companies, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Action, and all of their subsidiary entities, and any other related PCA entity, from any and all claims, liens, demands, causes of action, obligations, damages, and liabilities that they have or may have against the Released Parties arising out the conduct, transactions, and occurrences set out, or attempted to be set out, on their behalf in the Action.

(b)     Upon the entry of this Order and Judgment, Conway and her heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns will be deemed to have fully released and forever discharged PCA and its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated companies, including any parent, subsidiary, predecessor, or

successor companies, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Action, and all of their subsidiary entities, and any other related PCA entity, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, federal or state law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the date of Final Judgment, without limitation. The foregoing release by Conway constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(c)     The releases identified herein shall be referred to as the Released Claims, and the parties released shall be referred to as the Released Parties.

10.     The Court hereby decrees that all members of the Settlement Class are conclusively deemed to have released and forever discharged all Released Parties from all Released Claims, and forever enjoins and bars all Settlement Class members from asserting, instituting or prosecuting any Released Claim in any court, tribunal, agency, arbitration or other forum.

11.     Neither the Agreement nor any act performed or document executed pursuant to or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of PCA except as expressly provided therein; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of PCA in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. PCA may file the Agreement and/or this judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good

1   faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

2   preclusion or similar defense or counterclaim.

3        12.    Without affecting the finality of this Final Approval Order and Final Judgment,

4   the Court retains jurisdiction over the parties to enforce the terms of the judgment until

5   performance in full of the terms of the settlement. The Court finds that there is no just reason for

6   delay and hereby directs the Clerk of the Court to enter this Final Approval Order and Final

7   Judgment.

8   IT IS SO ORDERED.

9

10  Dated:  November 27, 2017

_____

HON. ANDRÉ BIROTTE JR.